MATTER OF ORMOS

In Visa Petition Proceedings

A-14240454

*Decided by District Director January 5, 1965*

"Urgent need" within the contemplation of section 203(a)(1), Immigration and Nationality Act, as amended, has not been established where beneficiary's proposed entry into the United States is to become a partner in a plastics factory and no action has been initiated to establish the factory.

**Discussion:** The petitioner, the Berkeley Luggage Company (located at Berkeley, California), is engaged in the retail sales of luggage, small leather goods, handbags, wallets, and gift items. Besides the petitioner, Mr. Rosenzweig, the company employs three persons: two being sales personnel and one as a stock and monogramming employee. The company was established five years ago and is expected to gross $70,000 this year.

Services of the beneficiary are desired for the purpose of establishing and directing a factory to engage in the manufacturing of plastic items, particularly brief cases, binders, underarm cases, and handbags made of plastic. If things work out, according to the petitioner, the beneficiary will become his partner. United States Employment clearance order submitted with the petition lists the education and experience requirement as follows: "Ability to direct one or more persons engaged in plastics manufacturing. Minimum five years' experience in designing, molding and finishing plastic luggage, including bags, brief cases, purses, wallets."

The beneficiary is a 50-year-old married male, a native of Hungary and a citizen of Chile, now residing in Montreal, Canada, where according to the belief of the petitioner, he is employed by Or-Plast, Ltd., at Montreal, Canada. The petitioner believes the beneficiary is the owner of Or-Plast, Ltd. If the beneficiary is admitted into the United States, the petitioner believes the beneficiary may bring with him a certain amount of equipment that would be necessary in manufacturing plastics at Berkeley, California. The beneficiary is the uncle of the petitioner's wife.

Evidence has been presented that the beneficiary is a skillful technician in plastics and has been employed in that field in South America for over 14 years.

In a sworn statement before an officer of this Service at San Francisco, California on November 6, 1964, the petitioner indicated the beneficiary will set up a factory at Berkeley, California, equip it and operate the factory and supervise the employees therein. He will order the supplies, equipment, maintain records, design the products with the petitioner's assistance, will order the molds for the products, such molds being made according to the specifications of the design of the petitioner and beneficiary. The petitioner stated that he would guarantee financial responsibility for the enterprise and the setting up of the sales organization. He further stated that "if things work out, he will be my partner". The petitioner intends to invest $10,000 or $15,000 or perhaps more in the enterprise.

The petitioner has not, as yet, leased property for his anticipated venture. He stated in his sworn statement of November 6, 1964: "I will lease this property for this venture, sir, and put up the money, when this man is here in the United States, here in Berkeley."

In a letter dated at Montreal, Canada on March 20, 1964 addressed to "Dear Robert" (apparently the petitioner), the beneficiary stated: "Referring to our recent correspondence and long distance telephone calls in regard to starting a new plastics factory in California," * * * "I am quite able to make the financial investment which you require to match the money which you will invest. We could form a partnership and start a factory in Berkeley. If it pleases you, I could dispose of my machinery here in the East and we could purchase more modern machinery and equipment when I arrive to (sic) California. Have you leased the needed factory space as yet? It would be wiser, Robert, if you wait for my arrival with my family."

From the record, it is evident that the purpose of the beneficiary's proposed entry into the United States is to become a partner in a plastics factory. No action has been taken by the petitioner to initiate proceedings to establish the factory, as he is waiting for the beneficiary to enter the United States. It is obvious that there is no urgent need for the beneficiary's services at this time, which is a requirement under section 203(a)(1) of the Immigration and Nationality Act, if the petition is to be approved.

**ORDER:** It is ordered that the petition be denied, as it has not been established that the services of the beneficiary are needed urgently in the United States as required by section 203(a)(1) of the Immigration and Nationality Act.